UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


KENNETH GOLDSMITH,

           Petitioner,

vs.                                          Case No. 3:09-cv-646-J-37TEM

SECRETARY, DOC, et al.,

           Respondents.
_____

**ORDER**

**I. Status**

    Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 8, 2009, pursuant to the mailbox rule. The Petition challenges 2007 state court (Duval County) convictions for burglary of a dwelling, dealing in stolen property, and false verification of ownership on a pawnbroker transaction form (less than $300 received) on one ground: the state trial judge's determination of previous prior convictions violates Blakely v. Washington, 542 U.S. 296 (2004), relying on the Sixth Amendment right to trial by jury. Petition at 6. It is also claimed that the sentence under the prison releasee reoffender act violates Blakely and the Sixth Amendment right to trial by jury. Id. at 15.

Respondents filed an Answer in Response to Order to Show Cause (Doc. #11) (hereinafter Response) with Exhibits (Doc. #12).[1] Petitioner filed a reply (Doc. #14). See Order (Doc. #6).

## II. Evidentiary Hearing

The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). No evidentiary proceedings are required in this Court. See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001). The Court can "adequately assess [Petitioner's] claim without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## III. Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d). This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially

---

[1] The Court will hereinafter refer to the Exhibits as "Ex."

indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).

As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:

> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context. An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable. Questions of law and mixed questions of law and fact are reviewed *de novo*, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.

Jennings v. McDonough, 490 F.3d 1230, 1236 (11th Cir. 2007) (quotation marks and citations omitted). In sum, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409, 120 S.Ct. at 1521. Finally, 28 U.S.C. § 2254(e)(1) commands that for a writ to issue because the state court made an "unreasonable determination of the facts," the petitioner must rebut "the presumption of correctness [of a state court's factual findings] by clear and convincing evidence."[2] 28 U.S.C. § 2254(e)(1).

---

[2] This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir.), cert. denied, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claim was adjudicated on the merits in the state courts,[3] it must be evaluated under § 2254(d).

## IV. Timeliness

Respondents calculate that the Petition is timely filed, Response at 6-8, and the Court will accept this calculation.

## V. Exhaustion

Petitioner exhausted his state court remedies. Response at 9-10. The Rule 3.800(b)(2) motions to correct were denied by the trial court. Ex. L; Ex. M; Ex. N; Ex. O. The matter was raised on

---

[3] The Court's evaluation is limited to examining whether the highest state court's resolution of the claim is contrary to, or an unreasonable application of, clearly established law, as set forth by the United States Supreme Court. See Newland v. Hall, 527 F.3d 1162, 1199 (11th Cir. 2008), cert. denied, 129 S.Ct. 1336 (2009).

direct appeal, Ex. P, and the First District Court of Appeal affirmed per curiam.  Ex. R.

## VI.  Ground One

In ground one, Petitioner asserts that his right to trial by jury was violated when the sentencing court, rather than the jury, made the findings that authorized the imposition of a sentence greater than the statutory maximum.  Petitioner relies on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) (holding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt); <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) (an extension of the Court's ruling in <u>Apprendi</u>); and <u>Shepard v. United States</u>, 544 U.S. 13 (2005) (limiting the types of evidence a district court can consider to determine whether a prior conviction qualifies under the ACCA).  Petitioner's claim, however, is without merit as there is a recidivist exception.  <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).

The Supreme Court of the United States has not overruled <u>Almendarez-Torres</u>, and its holding remains binding precedent in this Circuit.  See <u>United States v. O'Brien</u>, 130 S.Ct. 2169, 2174, 2180 (2010) (holding the machine gun provision is an element of the offense, not a sentencing factor, but recognizing the <u>Almendarez-Torres</u> exception).  The Eleventh Circuit, in addressing a Sixth

Amendment claim that a prior conviction could not be relied upon because it was not found by a jury beyond a reasonable doubt, said:

> Both Supreme court and this circuit's precedent foreclose [Petitioner]'s arguments. The Supreme Court has held that neither the Constitution nor any statute is violated when a prior offense, not charged in the indictment, is used to increase a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We have applied Almendarez-Torres in holding that a district court does not violate the Sixth Amendment when a statutory maximum sentence is increased based upon judicial findings of prior convictions that were never proved to a jury beyond a reasonable doubt or affirmatively admitted by the defendant in his plea hearing. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Moreover, we have held that neither Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), nor United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) disturbed the Supreme Court's holding in Almendarez v. Torres. Id. Although various justices of the Supreme Court have questioned the soundness of Almendarez-Torres in subsequent decisions, until it is expressly overruled, we are bound to follow it. See United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

United States v. McCain, 358 Fed.Appx. 51, 52 (11th Cir. 2009) (per curiam) (not selected for publication in the Federal Reporter).

Recently, the Eleventh Circuit reiterated its position, rejecting a Sixth Amendment claim:

> this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998). We repeatedly have explained that, even after Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000),

>    and its progress <u>Blakely v. Washington</u>, 542
> U.S. 296, 124 S.Ct. 2531 (2004), and <u>United
> States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738
> (2005), we are bound by <u>Almendarez-Torres</u>
> until it is explicitly overruled by the
> Supreme Court. <u>See</u>, <u>e.g.</u>, <u>United States v.
> Greer</u>, 440 F.3d 1267, 1273-74 (11th Cir.
> 2006); <u>United States v. Gibson</u>, 434 F.3d 1234,
> 1246-47 (11th Cir. 2006).
>
>    [Petitioner] argues that
> <u>Almendarez-Torres</u> permits a sentencing court
> to find only the mere fact of a conviction and
> that <u>Apprendi</u>, <u>Booker</u>, and <u>Shepard v. United
> States</u>, 544 U.S. 13, 125 S.Ct. 1254 (2005),
> bar judge-made findings about the factual
> nature of the prior convictions. This Court
> has already rejected this argument. See <u>Greer</u>,
> 440 F.3d at 1275 (explaining that <u>Apprendi</u>,
> <u>Booker</u> and <u>Shepard</u> do not "forbid a judge from
> determining the factual nature of a prior
> conviction," but instead "restrict[ ] the
> sources or evidence that a judge (instead of a
> jury) can consider in making that finding"
> (quotation marks omitted)).

<u>United States v. Michel</u>, No. 10-15871, 2011 WL 2420049, at *1 (11th Cir. June 16, 2011) (per curiam) (not selected for publication in the Federal Reporter).

   Just as the Eleventh Circuit has acknowledged that it is "bound to follow <u>Almendarez-Torres</u> unless and until the Supreme Court itself overrules that decision[,]" <u>United States v. Thomas</u>, 242 F.3d 1028, 1035 (11th Cir.), <u>cert</u>. <u>denied</u>, 533 U.S. 960 (2001), this Court is bound to follow <u>Almendarez-Torres</u>.  Therefore, Petitioner is not entitled to relief on this ground.

   Petitioner also asserts that by sentencing him as a Prison Releasee Reoffender, the trial court violated his constitutional right to a trial by jury, citing <u>Apprendi</u>, <u>Blakely</u>, and <u>Shepard</u>.

- 7 -

This claim too is without merit. Simply, a Prison Releasee Reoffender designation "does not provide sentences in excess of the standard statutory maximums." Whitehead v. Sec'y, Dept. of Corr., No. 8:06-cv-35-T17MSS, 2008 WL 423507, at *10 (M.D. Fla. Feb. 13, 2008) (not reported in F.Supp.2d). Moreover, Blakely (an extension of the Court's ruling in Apprendi) "does not apply to prison releasee reoffender sentences." Spencer v. Sec'y, Dept. of Corr., No. 8:05-cv-107-T-17MAP, 2007 WL 1225377, *4 (M.D. Fla. Apr. 25, 2007) (not reported in F.Supp. 2d). Petitioner is not entitled to habeas relief, and the Petition is due to be denied.

### VII. Certificate of Appealability

If Petitioner appeals the denial of the Petition, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

4. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of June, 2011.

ROY B. DALTON, JR.
United States District Judge

sa 6/21
c:
Kenneth Goldsmith
Ass't A.G. (Conley)